Case 3:18-cr-00030-NKM-JCH Document 91 Filed 05/14/20 Page 1 of 8 Pageid#: 1225

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
05/14/2020
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTONIO PAREDES PEREZ,<br>*Defendant.* | CASE NO. 3:18-cr-00030<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

In November 2018, a federal grand jury indicted Defendant Antonio Peredes Perez for illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). Specifically, the indictment alleged that "[o]n or about October 16, 2018, within the Western District of Virginia, Antonio Paredes Perez, an alien who was removed from the United States on or about March 27, 2013 and October 23, 2013, was found in the United States without having obtained the express consent of the Attorney General of the United States and the Department of Homeland Security to reapply for admission into the United States." Dkt. 18.

This matter is before the Court on Defendant's Second Motion to Dismiss the Indictment, in which Defendant contends that the indictment alleged a violation of an "unconstitutional status offense." Dkt. 51. The Court considered the motion, the Government's response, Dkt. 54, and Defendant's reply, Dkt. 62, and oral argument. For the following reasons, the Court will deny Defendant's Second Motion to Dismiss in an accompanying order.

## Arguments

Section 1326, which concerns "reentry of removed aliens," provides that "any alien who (1) has been denied admission, excluded, deported, or removed or has departed the United States

while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or *is at any time found in*, the United States" without authorization, is subject to criminal penalties. 8 U.S.C. § 1326(a) (emphasis added).

Defendant contends that § 1326's provision forbidding aliens previously removed from being "found in" the United States is "an unconstitutional status offense." Dkt. 51 at 1. Defendant argues that being "found in" does not require a volitional act, and rather, depends only on "what the authorities do." *Id.*; Dkt. 62 at 1–2 (similar). Defendant relies principally on *Lambert v. California*, 355 U.S. 225, 226 (1957), *Robinson v. California*, 370 U.S. 660 (1962), and the Fourth Circuit's decision in *Manning v. Caldwell*, 930 F.3d 262 (4th Cir. 2019) (en banc), in support of his argument. According to Defendant, these cases collectively "require that a statute based on passive conduct have a *mens rea* of knowledge and involve a volitional act, or a failure to act in the face of a known duty to do so. In Defendant's view, the indictment alleging a violation of § 1326 under a 'found in' theory has no such requirement." Dkt. 51 at 3.

In response, the Government raises several arguments. First, the Government contends that the Fourth Circuit has "expressly rejected" Defendant's argument in *United States v. Aranda*, 612 F. App'x 177 (4th Cir. 2015), in which the court rejected the argument that the "found in" offense in § 1326 is an "unconstitutional status offense." Dkt. 54 at 1. The Government asserts that, though unpublished, *Aranda* is consistent with prior published Fourth Circuit authority, namely, *United States v. Espinoza-Leon*, 873 F.2d 743 (4th Cir. 1989). Dkt. 54 at 2. Next, the Government argues that "nearly every circuit has agreed that while § 1326 does not expressly state the intent element," that silence is not problematic as "it is a 'general intent' crime." Dkt. 54 at 3–4. The Government also contends that *Robinson*, *Lambert*, and *Manning* are distinguishable, because, unlike the laws at issue in those cases, "§ 1326 requires that a defendant commit an act: he must re-enter the

2

United States after being removed"; it does not "criminalize 'involuntary conduct.'" *Id.* at 4–6. Lastly, the Government contends that it did not have to allege specific intent, because "[a]ll that is necessary is that Paredes Perez entered and remained in the United States voluntarily," and that the facts alleged in the Indictment—that he had been excluded, deported, and removed and that he was present in this district without having obtained the consent of the Attorney General," give rise to "a strong inference of voluntariness." *Id.* at 6.

In reply, Defendant notes that § 1326 proscribes three different crimes, "attempted entry," "entry," and "being found in." Dkt. 62 at 2. Defendant argues that the first two plainly are volitional acts; but "being found in" is not. Defendant further argues that it would make no sense to say that a defendant was "knowingly or voluntarily 'found in' the United States." Dkt. 62 at 3. Defendant also contends that the Indictment failed to mention "re-entry," and that the Government cannot "read an extra-statutory element of knowing entry into a § 1326 'Found In' crime." *Id.* In Defendant's view, if the Government is correct that the crime of "being found in" the United States "includes an implied voluntary act of entry," then the "being found in" crime "completely subsumes" the other provisions, violating statutory construction principles. *Id.* at 4.

Analysis

The Court concludes that Defendant has not established any constitutional infirmity to the crime of being "found in" the United States as set forth in § 1326. In reaching that conclusion, the Court is not writing on a clean slate. Numerous courts addressed and rejected arguments similar to those Defendant raises here. Indeed, the Eastern District of Virginia recently addressed and rejected a nearly identical constitutional challenge to § 1326(a). *United States v. Perez-Paz*, No. 3:18-cr-101, 2019 WL 5232614 (E.D. Va. Oct. 16, 2019), *appeal docketed*, No. 20-4182 (4th Cir. Mar. 4, 2020). The Fourth Circuit also found "without merit" the same argument that the "found

in" offense in § 1326 is an unconstitutional status offense. *United States v. Aranda*, 612 F. App'x 177, 178 (4th Cir. 2015). *Aranda* is not controlling because it is an unpublished opinion and addressed the issue on plain error review. Nonetheless, the Court will not lightly disregard Fourth Circuit unpublished precedent rejecting the same argument Defendant raises here, especially when it is consistent with prior published authority. *See Espinoza-Leon*, 873 F.2d 743. By contrast, the Court is unaware of any case—and Defendant has cited none—which has held that the "found in" provision of § 1326 constitutes an unconstitutional status offense.

Defendant's argument that the "found in" provision of § 1326 is an "unconstitutional status offense" principally relies on *Lambert v. California*, 355 U.S. 225 (1957). Dkt. 51 at 1–2; Dkt. 62 at 1–2. *Lambert* concerned a Los Angeles municipal ordinance making it unlawful for any person who had been convicted of a felony to be or remain in the city for over five days without registering, and failure to do so was a criminal offense. 355 U.S. at 226–27. Significantly, "[n]o element of willfulness [was] by its terms included in the ordinance nor read into it by the California court as a condition necessary for a conviction," and the Court found that the proscribed conduct was "wholly passive—mere failure to register." *Id.* at 227–28. The Court in *Robinson* ruled that another Los Angeles code that criminalized being addicted to narcotics—though the defendant "has never touched any narcotic drug within the State or been guilty of any irregular behavior there"—violated the Eighth and Fourteenth Amendments. 370 U.S. at 667. Drawing from these authorities, Defendant argues that the "found in" offense in § 1326 similarly "depends at heart on what the authorities do, not what the defendant did," and that like the statute in *Lambert*, the "found in" § 1326 offense "punishes passive conduct." Dkt. 51 at 1–2; Dkt. 62 at 1–2. The Court disagrees.

4

Unlike in *Lambert*, which involved a conviction for wholly "passive conduct," a "found in" conviction under § 1326(a) "clearly requires a volitional act." *Perez-Paz*, 2019 WL 5232614, at *3. Reentry is "clearly an act committed during the offense of being found in the United States because that offense is a continuing violation that commences with the illegal entry." *United States v. Mendez-Cruz*, 329 F.3d 885, 889 (D.C. Cir. 2003). In other words, "the concept of entry not only illuminates but is also embedded in the 'found in' offense," because an alien simply "cannot have been found in a place he did not succeed in entering." *United States v. Pacheco-Medina*, 212 F.3d 1162, 1166 (9th Cir. 2000); *see also Espinoza-Leon*, 873 F.2d at 746 ("a conviction under § 1326 requires proof merely of a voluntary act by defendant"); *Aranda*, 612 F. App'x at 178 (rejecting defendant's argument under *Robinson* that "the 'found in' offense in § 1326(a)(2) is an unconstitutional status offense because it does not require an 'actus reus'"); *Perez-Paz*, 2019 WL 5232614, at *3 (citing cases holding that "the voluntary act of reentry is logically inferable from a defendant alien's presence in the United States"). Defendant's "unconstitutional status offense" argument therefore does not follow from *Lambert*, because here Defendant is not being charged "because he has the status of being a deported alien," rather, it is for "re-entering the United States without permission and staying here." *United States v. Parga-Rosas*, 238 F.3d 1209, 1212 (9th Cir. 2001). *Lambert* cannot bear the weight Defendant attributes to it—indeed, the Fourth Circuit cautioned that "*Lambert*'s reach has been exceedingly limited," *United States v. Mitchell*, 209 F.3d 319, 323 (4th Cir. 2000)—but in any event, in this case, the statute and offense are readily distinguishable from *Lambert* or *Robinson*.

Relatedly, Defendant argues that a conviction under § 1326(a) "lacks any sort of *mens rea* or volitional act," and "a statute based on passive conduct [must] have a *mens rea* of knowledge and involve a volitional act, or failure to act in the face of a known duty." Dkt. 51 at 3. Again, this

5

statute is not is not based on passive conduct, and Defendant otherwise points to no constitutional infirmity here. The Fourth Circuit has already held that § 1326 only requires "general intent," *i.e.*, proof of "a voluntary act by defendant." *Espinoza-Leon*, 873 F.2d at 746. Similarly, other courts have held that that "the *mens rea* required under § 1326 is limited," and that "an alien's presence in the United States gives rise to a natural, common sense inference that his or her presence was intentional in the very limited, Section 1326 sense." *United States v. Hernandez-Hernandez*, 519 F.3d 1236, 1240–41 (10th Cir. 2008) (Gorsuch, J.).[1] Section 1326 does not expressly state the intent element, but that just means it must be discerned from the text and legislative history. And courts looking to those have held that specific intent is not an element of the offense, rather, general intent, *i.e.*, a "voluntary act" by Defendant, is all the statute requires. *See, e.g.*, *United States v. Gonzalez-Chavez*, 122 F.3d 15, 17–18 (8th Cir. 1997) (holding that while § 1326 "is silent on the issue of criminal intent," specific intent "is irrelevant to an action under § 1326"; instead, "if a defendant voluntarily does the forbidden act [(reenters the United States without express permission from the Attorney General)], the law implies the intent").

Defendant also argues that "[i]f the government is correct that the crime of Being Found In the United States includes an implied voluntary act of entry, then the "Found In" provision in § 1326 completely subsumes the § 1326 'Entry' provision," thus violating the canon of statutory interpretation against superfluous language. Dkt. 62 at 4–5. The Court disagrees—no language in the statute is rendered superfluous by this interpretation. Section 1326(a) is violated if an alien previously removed "enters … the United States" without permission. The statute is also violated

---

[1] To be sure, such an "inference can be overcome," and "while most border crossings are surely intentional in the Section 1326 sense," in some cases, such as victims of human trafficking, people would be carried against their will across international boundaries. *Hernandez-Hernandez*, 519 F.3d at 1241.

6

by an alien previously removed who "is *at any time* found in … the United States" without permission. This statutory text modifies the "found in" provision, and the fact that an alien who is "*at any time* found in" the United States is chargeable is a far from insignificant distinction. Indeed, the Fourth Circuit has rejected statute of limitations challenges on the basis that "the 'found in' version of § 1326(a)(2) *is a continuing offense*," and "the date on which the immigration agency should have discovered the alien is simply irrelevant." *United States v. Uribe-Rios*, 558 F.3d 347, 354 (4th Cir. 2009) (quoting *United States v. Gordon*, 513 F.3d 659, 665 (7th Cir. 2008), abrogated on other grounds by *United States v. Bartlett*, 567, F.3d 901 (7th Cir. 2009)) (emphasis added); *see also Gordon*, 513 F.3d at 665 ("Being 'found in' the United States at any time is a continuing offense."). Simply put, there is no violation of the canon against superfluous language: the statute proscribes "entry," "attempted entry," and being "at any time found in" the United States without permission—each manner of violating the statute targets different circumstances of prohibited "reentry of removed aliens," although undoubtedly there will be overlap. In any event, the fact that the "found in" provision sweeps more broadly than the "entry" provision does not violate the canon against superfluity. *Cf. United States v. Davis*, 139 S. Ct. 2319, 2334–35 (2019) (holding that the fact that 18 U.S.C. § 924(c)'s residual clause "sweeps more broadly" than the elements clause does not violate the superfluity canon).

      Lastly, Defendant argues that if the Court holds that "voluntary reentry" is inherent in the "found in" offense, the Court still should dismiss the indictment since it did not allege Defendant's voluntary reentry. Dkt. 51 at 4. But Defendant cites no authority for the argument and the Court has found none. Rather, consistent, substantial authority holds that an indictment need not allege reentry and that the statutory elements for being "found in" the United States are all that need be pleaded: "that the defendant is a deported alien subsequently found in the United States without

permission suffices." *Parga-Rosas*, 238 F.3d at 1213 (also writing, "we have never suggested that the crime of 'entry' must be charged in order to charge the crime of 'being found in'"); *see also United States v. Guzman-Ocampo*, 236 F.3d 233, 239 (5th Cir. 2000) (holding indictment for "found in" offense that "alleged every statutorily required element of § 1326" was "statutorily sufficient"); *United States v. Tovias-Marroquin*, 218 F.3d 455, 457 (5th Cir. 2000) (rejecting argument challenging conviction under § 1326 as an unconstitutional "status offense," that was framed as an attack on the "sufficiency of the indictment rather than the constitutionality of the statute").

 The Court concludes that Defendant was not charged with an unconstitutional status offense and there was no defect in the indictment for failing to charge an essential element of the offense. Defendant's Second Motion to Dismiss the Indictment will be denied in an Order to follow.

 The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

 ENTERED this __14th__ day of May, 2020.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE